

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| JORGE CASTILLO HERNANDEZ, | | No. 08-17-00018-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 346th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20150D00924) |
| | § | |

**<u>MEMORANDUM OPINION</u>**

Jorge Castillo Hernandez is attempting to appeal his conviction of indecency with a child by sexual contact. Finding that Appellant did not timely file his notice of appeal, we dismiss the appeal for lack of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after the sentence is imposed in open court or the trial court enters an appealable order. *See* TEX.R.APP.P. 26.2(a)(1). The deadline is extended to ninety days after the date the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX.R.APP.P. 26.2(a)(2). A court of appeals may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files in the trial court the notice of appeal, and files in the appellate court a motion complying with Rule 10.5(b).

TEX.R.APP.P. 26.3. When a notice of appeal is filed within the fifteen-day period, but no timely motion for extension of time is filed, the appellate court lacks jurisdiction. *Olivo*, 918 S.W.2d at 522.

The judgment of conviction reflects that Appellant entered a negotiated plea of guilty and was sentenced to imprisonment for a term of two years. The sentence was imposed in open court on December 8, 2016. Appellant did not file a motion for new trial. Therefore, his notice of appeal was due to be filed no later than January 7, 2017, thirty days after the date sentence was imposed in open court. *See* TEX.R.APP.P. 26.2(a)(1). Because January 7 fell on a Saturday, the deadline for filing the notice of appeal was extended to Monday, January 9, 2017. Appellant filed a *pro se* notice of appeal on January 23, 2017, fourteen days after the due date, but neither he nor his retained trial attorney filed a motion requesting an extension of time in which to file the notice of appeal.[1] On February 3, 2017, Appellant filed a *pro se* letter with the Court explaining that he filed his notice of appeal after the deadline because he was in jail. Appellant also complains that his trial attorney provided ineffective assistance of counsel at trial.

This Court does not have authority to grant an out-of-time appeal to Appellant. The Court of Criminal Appeals has exclusive authority to grant post-conviction relief if the defendant is confined as a result of a final felony conviction. *See* TEX.CODE CRIM. PROC. ANN. art. 11.07, § 3 (West 2015); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991) ("We are the only court with jurisdiction in final post-conviction felony proceedings."). Because Appellant did not file a motion for extension of time in which to file his notice of appeal, we do not have jurisdiction of the appeal. *See Olivo*, 918 S.W.2d at 522. The appeal is dismissed.

---

[1] There is nothing in the record to indicate that Appellant ever made his trial attorney aware of his desire to appeal.

GINA M. PALAFOX, Justice

February 15, 2017

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)